UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

BRYCE SUCHAN, MICHAEL GABRIO,
JOSEPH D. THORNBLAD, JOSEPH J.
PEDERSON, PETER NELSEN, SHAWN
CURRY-RAKESH, and MATTHEW
REESE,

        Plaintiffs,

        v.

COMMISSION OF HUMAN SERVICES
LUCINDA JESSON, ATTORNEY
GENERAL'S OFFICE, CHAD PORTNER,
and CAROL OLSON,

        Defendants.
_____

Civil No. 13-3119 (PJS/JJK)

**REPORT AND RECOMMENDATION**

This case is before the undersigned United States Magistrate Judge on the application of Plaintiff Michael Gabrio for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff Gabrio's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

**I. BACKGROUND**

---

[1] The other six plaintiffs listed in the caption of the complaint have not applied for IFP status in this case. Ordinarily, all named plaintiffs must apply for (and be granted) IFP status, before the filing fee for a case can be waived. Here, however, it is readily apparent that Plaintiffs have failed to plead a cognizable claim for relief, (as discussed more fully below), and requiring all of the named Plaintiffs to apply for IFP status would merely delay the inevitable dismissal of this action.

It appears that all seven of the named Plaintiffs in this case are patients at the St. Peter Regional Treatment Center in St. Peter, Minnesota. It further appears that all seven Plaintiffs are involuntarily confined at that facility pursuant to civil commitment proceedings conducted under Minnesota state law.

The caption of Plaintiffs' complaint indicates that they are attempting to bring their present lawsuit under 42 U.S.C. § 1983. Two Defendants are listed in the caption of the complaint – Minnesota Commissioner of Human Services Lucinda Jesson, and "Attorney General." Two other Defendants – Chad Portner and Carol Olson – are mentioned elsewhere in the complaint.

The substantive allegations of the complaint are presented on a three-page attachment. Plaintiffs allege that:

> "[S]taff teams" are "making the patients people around this Minnesota security hospital to do an autobiography and also relapse prevention plan which mean the staff just wants to be nosy to know about us because the staff are busy-buddies and they will not let any of us leave this hospital unless we do these autobiography and the relapse prevention plan."

It is further alleged that:

> "Chad Portner and the other unit directors also make rules that we need to go to (community meeting and walking group) and if we do not go to either of these two then we get punished and that means we have to stay in this hospital for another 45 day because each day we get a (red mark) which means punishment (the red mark) it means an extra 45 days. So we have to go to community meeting and walking group or else....
>
> As far as community meeting and walking group to walk around in the gym it should only be optional if the patient does not want to get up for community meeting or walking group they should have to not do that if they do not want to."

The complaint also includes a vague allegation that "one staff member can

overrule the team and the unit director," and impose "punishment" on patients for matters that do not involve "assaultive" conduct or "making terroristic threats."

The "Request for Relief" section of the complaint simply states: "I want my freedom legally."

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiffs are attempting to sue the named Defendants under 42 U.S.C. § 1983 for allegedly violating their federal constitutional rights. To state an

actionable § 1983 civil rights claim, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A civil rights claimant must plead facts showing <u>each named defendant's personal involvement</u> in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state an actionable civil rights claim against a defendant, a complaint must set forth specific factual allegations showing what that particular defendant allegedly did, or failed to do, while acting under color of state law, that purportedly violated the plaintiff's federal constitutional rights. As explained by the Supreme Court, "a plaintiff must plead that each Government-official defendant, <u>through the official's own individual actions</u>, has violated the Constitution." Iqbal, 556 U.S. at 676 (emphasis added).

Here, Plaintiffs have failed to plead an actionable § 1983 claim, because they have not alleged any specific historical <u>facts</u> showing that any of the named Defendants did anything, or failed to do anything, that violated their constitutional rights. Indeed, Plaintiffs have not described <u>any</u> specific act or omission by any of the named Defendants. A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiffs' current complaint does not meet this standard. The

complaint is plainly inadequate, because it does not describe any specific act or omission by any named Defendant that could support any claim for relief under § 1983, (or under any other conceivable legal theory). For this reason alone, Plaintiffs' complaint fails to state a cause of action on which relief can be granted.

Furthermore, even if Plaintiffs had pleaded a set of facts showing that the various named Defendants have violated their federal constitutional rights, this action still would have to be summarily dismissed, because the relief Plaintiffs are seeking – release from custody – is not available in a civil rights action. It is well established that an individual who is being confined pursuant to a state court judgment can challenge his or her confinement, in federal court, <u>only</u> by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his <u>sole</u> federal remedy is a writ of habeas corpus") (emphasis added). In <u>Heck v. Humphey</u>, 512 U.S. 477 (1994), the Supreme Court re-affirmed the longstanding rule that prohibits a state detainee from challenging the legality of his confinement in a federal civil rights action. <u>See</u> <u>id</u>. at 481 (<u>Preiser</u> "held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983").[2]

---

[2] Even when a plaintiff seeks only money damages, he cannot bring a non-habeas civil action that would effectively "call into question the lawfulness of [his] conviction or confinement." <u>Heck</u>, 512 U.S. at 483. According to <u>Heck</u> –

The Court recognizes, of course, that Plaintiffs are not challenging any state criminal conviction or sentence, and they are confined pursuant to civil commitment proceedings, and not pursuant to a sentence imposed for a conviction in a criminal case. However, the rule set forth in Preiser, and reiterated in Heck, is fully applicable to state detainees who are confined by reason of a civil commitment order, rather than a prison sentence. See Carter v. Bickhaus, 142 Fed.Appx. 937, 938 (8th Cir. 2005) (unpublished opinion) ("[a]s for [a civilly committed civil rights complainant's] request for release, we agree with the district court that such relief is not available under 42 U.S.C. § 1983, but is properly sought in a habeas corpus petition after exhaustion of state remedies") (citing Preiser); Wertz v. County of Blair, 469 Fed.Appx. 73, 74 (3rd Cir. 2012) (unpublished opinion) ("[t]o the extent that... [a civil rights complainant] states in his complaint that he seeks immediate release from civil commitment, we note that his sole federal remedy is a writ of habeas corpus") (citing Preiser); Ring v. Appleton, 93 Fed.Appx. 993 (7th Cir. 2004) (unpublished opinion) (for a civilly committed detainee, "a writ of habeas corpus, see 28

---

"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... [T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 486-87 (footnote omitted).

6

U.S.C. § 2254, is the sole federal remedy he may use to attack the fact or duration of his confinement") (citing Preiser); Savinski v. Thornton, 93 Fed.Appx. 923, 924 (7th Cir. 2004) (unpublished opinion) (civilly committed detainee's "goal is release, which requires use of § 2254") (citing Preiser); Rannow v. Penk, Civil No. 12-156 (ADM/JJK) (D.Minn. 2012), 2012 WL 619674 at *1 (in case brought by a civilly committed detainee, "[s]ection 1983 cannot be used to challenge the fact or duration of confinement") (citing Preiser); Talbot v. Loya, No. 4:03CV3400 (D.Neb. 2005), 2005 WL 2765131 at *2 ("[t]he principles and objectives expressed in Heck v. Humphrey apply as well to a person subject to an involuntary civil commitment as to a convicted prisoner serving a sentence"). See also Coffman v. Blake, 156 Fed.Appx. 863 (8th Cir. 2005) (unpublished opinion) (affirming dismissal of civil lawsuit brought by civilly committed offender, which included claims barred by Heck).

Because Plaintiffs are directly challenging the legality of their confinement pursuant to state court judgments, and they are requesting freedom from their confinement, they can seek relief in federal court only by means of a habeas corpus petition. Therefore, even if Plaintiffs had pleaded facts that could support some actionable claim against the named Defendants, their current civil rights complaint would still have to be summarily dismissed.³

---

³ Some of the averments in Plaintiffs' complaint suggest that they are deliberately attempting to challenge their confinement in a civil rights action, rather than a habeas corpus action, so that they will not have to exhaust their state court remedies before seeking relief in federal court. See 28 U.S.C. § 2254(b) and (c). However, that subterfuge was expressly condemned by Preiser. 411 U.S. at 489-90 ("In amending the habeas corpus laws in 1948, Congress clearly required exhaustion of adequate state remedies as a condition precedent to the invocation of federal judicial relief under those

For the reasons discussed above, the Court finds that Plaintiffs have failed to plead a cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff Michael Gabrio's IFP application be denied, and that this case be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff Michael Gabrio's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

laws. It would wholly frustrate explicit congressional intent to hold that the respondents in the present case could evade this requirement by the simple expedient of putting a different label on their pleadings. In short, Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.") (emphasis added). If Plaintiffs want to challenge the legality of their continuing confinement in federal court, they will have to do so by means of a habeas corpus petition brought under 28 U.S.C. § 2254. As discussed in the text, that is the only federal court remedy available to a state detainee who seeks to challenge the legality of his confinement.

The Court recognizes that each of the Plaintiffs in this case has recently filed his own individual habeas corpus petition. Although habeas corpus is the procedurally proper mechanism for challenging the legality of a state detainee's confinement, Plaintiffs recent habeas petitions will have to be summarily dismissed if they have not shown that they have exhausted their state court remedies for whatever claims they might be trying to bring. See Baldwin v. Reese, 541 U.S. 27, 29 (2004) ("[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (internal quotation marks and citations omitted).

Dated: November 19, 2013

                               *s/ Jeffrey J. Keyes*
                                JEFFREY J. KEYES
                                United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 4, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.